# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRY R. CHAPMAN,

      Appellant,

     v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
PH-0841-17-0440-I-1

DATE: March 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terry R. Chapman, Baltimore, Maryland, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed as withdrawn his appeal of a final decision by the Office of Personnel Management (OPM) denying his application for retirement under the Federal Employees' Retirement System (FERS). For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

cause shown, 5 C.F.R. § 1201.114(e), (g), and his request to reopen his appeal is DENIED, 5 C.F.R. § 1201.118.

## BACKGROUND

From 1992 to until his resignation in 2005, the appellant was employed by the Social Security Administration. Initial Appeal File (IAF), Tab 10 at 16-18. On May 8, 2005, he requested a refund of his retirement deductions, agreeing that he understood that "payment of a refund will result in permanent forfeiture of any retirement rights that are based on the period(s) of [FERS] service which the refund covers." *Id.* at 20. OPM authorized the refund on September 13, 2005. *Id.* at 12. In 2017, he applied for retirement under FERS. *Id.* at 8-10. OPM issued a final decision dated September 1, 2017, finding that the appellant was not eligible for retirement annuity benefits under FERS because he had received a refund of his retirement deductions. *Id.* at 6-7.

On September 11, 2017, the appellant timely appealed OPM's final decision to the Board. IAF, Tabs 1, 3. He subsequently requested to withdraw his appeal, affirming in a recording that he wished to withdraw his appeal against OPM and that he understood the administrative judge would dismiss the appeal. IAF, Tab 12. In a December 8, 2017 initial decision, the administrative judge found that the appellant's request to withdraw the appeal was clear, decisive, and unequivocal, and granted his request. IAF, Tab 13, Initial Decision (ID).

In May 2018, the appellant submitted a new pleading to the regional office, stating, in part, that he did not wish to withdraw his claim and that he agreed to withdraw it because the administrative judge suggested that his "dispute was with or is with SSA." Petition for Review (PFR) File, Tab 1 at 6. The regional office forwarded the pleading to the Board for docketing as a petition for review of the initial decision. *Id.* at 1. The Clerk of the Board notified the appellant that his petition for review appeared to be untimely filed and directed him to file a motion to accept the filing as timely or to waive the time limit for good cause. PFR

File, Tab 2. The appellant responded and moved that the Board accept his filing as timely or to waive the time limit for good cause shown. PFR File, Tab 4. The agency has responded to the appellant's petition for review. PFR File, Tab 3. The appellant has filed an untimely reply to the agency's response. PFR File, Tab 5.

## ANALYSIS

<u>The appellant's petition for review is untimely filed without good cause shown.</u>

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that he received the initial decision more than 5 days after it was issued, within 30 days after he received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Because the administrative judge issued the initial decision in this case on December 8, 2017, any petition for review of the initial decision must have been filed by January 12, 2018. ID at 1, 9; 5 C.F.R. § 1201.114(e). The appellant, however, did not submit his petition for review until May 16, 2018—more than 4 months after the deadline. PFR File, Tab 1. As noted above, the appellant asserts that he has been having problems receiving mail at his home. PFR File, Tab 4 at 3-6. However, he has not alleged that he received the initial decision more than 5 days after its issuance or that he timely filed his petition for review within 30 days of his delayed receipt of the initial decision. *Id.* Thus, we find that the appellant's petition for review was untimely filed.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* To determine whether a party

has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id*. Here, the appellant's 4-month delay in filing his petition for review is significant, notwithstanding his pro se status. *E.g., Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶¶ 3, 8 (2008) (finding a delay of more than 1 month to be significant, notwithstanding the appellant's pro se status). Although, as noted above, the appellant alleges that he has been seeking acupuncture treatment, he has not shown, or alleged, that such treatment precluded him from timely filing a petition for review or that any other circumstances affected his ability to comply with the time limit. Therefore, we conclude that the appellant has failed to demonstrate good cause for the untimeliness of his petition for review.

<u>We deny the appellant's request to reopen his appeal of OPM's final decision.</u>

We also consider the appellant's petition for review as a request to reopen his withdrawn appeal. *Little v. Government Printing Office*, 99 M.S.P.R. 292, ¶ 10 (2005). Generally, an appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012). Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reopen an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Id.* A case may be reopened in the interests of justice when the evidence is of such weight as to warrant a different outcome, but the Board will reopen a case only if the appellant has exercised due diligence in seeking reopening. *Bilbrew v. U.S. Postal Service*, 111 M.S.P.R. 34, ¶ 14 (2009).

Here, the appellant has not alleged that the withdrawal was against his directions or without his knowledge. Rather, as noted above, he alleges that he withdrew his appeal on the basis of the administrative judge's advice that his "dispute was with or is with SSA." PFR File, Tab 1 at 6. He further alleges that he contacted SSA and that a representative informed him that he has "no recourse with their agency." PFR File, Tab 4 at 8-10, 15. Although misinformation may be a basis to reopen a withdrawn appeal, the appellant has not alleged that the administrative judge informed him that he had to withdraw his appeal against OPM in order to pursue an action against SSA or that any such action against SSA would be favorable. PFR File, Tabs 1, 4. Thus, he has not shown that he received misinformation sufficient to warrant reopening the appeal. In addition, he has not provided any evidence that would warrant a different outcome. Finally, we find that he did not exercise due diligence in seeking reopening, as he waited 5 months after the initial decision was issued to do so. *See Bilbrew*, 111 M.S.P.R. 34, ¶ 14 (finding that the appellant did not exercise due diligence when he waited 2 months after the initial decision was issued file a request to reopen). Accordingly, we deny the appellant's request to reopen this appeal.

## ORDER

In light of the foregoing, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's withdrawal of his appeal of OPM's September 1, 2017 final decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.